IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Adelach F. Worku, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-cv-00273-JOF |
| Wachovia Bank, National Association, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPINION & ORDER**

This matter is before the court on Defendant's motion to dismiss [5].

**I.   Background**

    **A.   Complaint**

Plaintiff, Adelach F. Worku, filed suit against Defendant, Wachovia Bank, National Association, on December 28, 2009, in the Superior Court of Gwinnett County, alleging that Defendant wrongfully foreclosed on her property. Defendant removed the suit to this court on February 1, 2010.

According to the allegations in the complaint, title to the property at issue is located at 3905 Thornhill Dr. S.W., Lilburn, Georgia 30047, and was originally in the name of Plaintiff's former husband, Worku S. Kefale ("Kefale"). *See* Cmplt., ¶ 4. A petition for

divorce was filed in June 2005, and in November 2005 Kefale obtained a loan from Wachovia in the amount of $30,443.50. *Id.* The loan was secured by a Deed to Secure Debt on the property executed in favor of Wachovia. *Id.*, Exh. B. Plaintiff and Kefale were officially divorced in January 2006. *Id.* On March 13, 2006, Kefale quitclaimed the property to Plaintiff. *See* Cmplt., Exh. A (quitclaim deed noting that property taken "subject to all covenants, easements and restrictions of record"). The decree from the divorce required that Kefale pay the loan in a timely manner and Kefale failed to do so. Cmplt., ¶ 4.

On October 6, 2009, Defendant foreclosed on the Security Deed and purchased the property in a foreclosure sale for $27,433. *Id.*, ¶ 5. Plaintiff asserts that the foreclosure sale was wrongful because Defendant did not give Plaintiff notice of the sale as required by the Security Deed and O.C.G.A. § 44-14-162.2. *Id.*, ¶ 7. Plaintiff asks that the court set aside the foreclosure sale and cancel Defendant's Deed Under Power. *Id.* In Count II of her complaint, Plaintiff seeks the expenses of litigation because Defendant acted in bad faith and caused Plaintiff unnecessary trouble and expense. *Id.*, ¶ 9.

**B. Contentions**

In the instant motion to dismiss, Defendant contends that Plaintiff's complaint fails to state a claim because Wachovia gave proper notice of the foreclosure sale under the Georgia foreclosure statutes which require only that notice be given to the "debtor."

2

Defendant further avers that Plaintiff may not sue under the terms of the Security Deed because she was not a party to that contract. Finally, because Plaintiff's expenses of litigation claim is derivative of her wrongful foreclosure claim, Defendant argues that the second count of Plaintiff's complaint should also be dismissed.

Plaintiff has not filed a response to Defendant's motion to dismiss and the court deems it unopposed. *See* N.D. Ga., L.R. 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion.").

## II. Discussion

Defendant is correct that pursuant to O.C.G.A. § 44-14-162.2 "notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." *Id.*[1] Defendant incorrectly assumes, however, that "debtor" is limited to the executor of the Deed to Secure Debt, which in this case is Kefale. The Georgia foreclosure statutes provide otherwise. "Debtor" is defined in O.C.G.A. § 44-14-162.1 to be:

---

[1]The court notes that the "notice" requirement applies "only to the exercise of a power of sale of property all or part of which is to be used as a dwelling place by the debtor at the time the mortgage, security deed, or lien contract is entered into." O.C.G.A. § 44-14-162.3; *see also Ray v. Atkins*, 205 Ga. App. 85, 88 (1992); *Dickens v. Calhoun First Nat'l Bank*, 197 Ga. App. 517, 519 (1990). Plaintiff alleges in her complaint that she resides at the property. *See* Cmplt., ¶ 1.

3

AO 72A
(Rev.8/82)

> the grantor of the mortgage, security deed, or other lien contract. In the event the property encumbered by the mortgage, security deed, or lien contract has been transferred or conveyed by the original debtor, the term "debtor" shall mean the current owner of the property encumbered by the debt, if the identity of such owner has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to Code Section 44-14-162.2.

*Id.*, O.C.G.A. § 44-14-162.1.

The court applied this statutory construction in *Wright v. Barnett Mortgage Co.*, 226 Ga. App. 94 (1997), where the property was originally subject to a security deed executed in 1982 by James C. Story in favor of Citizens Mortgage Service Corporation. *Id.* at 95. By warranty deed in 1983, James C. Story conveyed the property to the plaintiff, subject to the security deed. The holder of the deed eventually declared the note to be in default for Story's failure to pay and began foreclosure proceedings. *Id.* The plaintiff filed suit against the mortgage holder for wrongful foreclosure complaining that she had not received proper notice of the foreclosure sale. The court first described the statutory requirements for notice of the initiation of foreclosure proceedings in O.C.G.A. § 44-14-162.2. *Id.* at 96. The court then held that the plaintiff, "as transferee and current owner of the property encumbered by the debt, whose identity was known to the creditor, plaintiff was a 'debtor' within the meaning of O.C.G.A. § 44-14-162.1 and so was entitled to receive the notice prescribed by O.C.G.A. § 44-14-162.2." *Id.* at 96-97.

4

The court reached a similar result in *Roylston v. Bank of America, N.A.*, 290 Ga. App. 556 (2008), holding that "the current owner of property encumbered by debt is a 'debtor' within the meaning of O.C.G.A. § 44-14-162.1, and is therefore entitled to receive the notice prescribed by O.C.G.A. § 44-14-162.2, if the identity of the owner is known to the creditor." *Id.* at 559.

Based on the information in the complaint, it appears to the court that it is possible that Plaintiff is the "current owner of the property encumbered by the debt" and would be entitled to notice as a "debtor" under O.C.G.A. § 44-14-162.2 if "the identity of such owner [plaintiff] has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice." O.C.G.A. § 44-14-162.1. The court has no information as to whether the identity of Plaintiff was made known to Wachovia. If Wachovia had notice of Plaintiff as the owner of the property, then she would be entitled to notice under O.C.G.A. § 44-14-162.2. If Wachovia did not know Plaintiff's identity, then it is possible she would be entitled to some lesser form of notice with which Defendant may or may not have complied. For these reasons, the court cannot grant Defendant's motion to dismiss at this time.

Because the court determines that Defendant has not shown at this point in the litigation that Plaintiff was not entitled to notice under the Georgia foreclosure statutes, the

5

court need not consider whether Plaintiff would be entitled to sue on the terms of the Deed to Secure Debt themselves.

## III.    Conclusion

The court DENIES WITH LEAVE TO RENEW Defendant's motion to dismiss [5].

**IT IS SO ORDERED** this 3rd day of May 2010.

/s   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)